Phillip J. Russell (10445)
Justin L. James (15167)
HATCH, JAMES & DODGE, P.C.
10 West Broadway, Suite 400
Salt Lake City, UT  84101
Telephone: (801) 363-6363
Facsimile: (801) 363-6666
    prussell@hjdlaw.com
    jjames@hjdlaw.com

*Attorneys for Plaintiff Beer Barrel, LLC*

# IN THE UNITED STATES DISTRICT COURT FOR THE
## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| THE BEER BARREL, LLC,<br>a Utah limited liability company<br><br>    Plaintiff,<br><br>v.<br><br>DEEP WOOD BREW PRODUCTS, LLC,<br>a Michigan limited liability company;<br>MANCAN UNIVERSE, LLC, a Michigan<br>limited liability company; MANCAN<br>UNIVERSE, INC., a Colorado corporation.<br><br>    Defendants. | **COMPLAINT**<br><br>Case No. 2:16-cv-00440-EJF<br><br>Magistrate Judge: Evelyn J. Furse<br><br>**JURY DEMAND** |

Plaintiff The Beer Barrel, LLC, ("Beer Barrel") hereby complains and alleges against defendants Deep Wood Brew Products, LLC ("Deep Wood"), ManCan Universe, LLC ("ManCan LLC"), and ManCan Universe, Inc. ("ManCan Inc.") (collectively the "Defendants") as follows:

## PARTIES

1. Plaintiff Beer Barrel is a Utah limited liability company with its principal place of business located in American Fork, Utah.

2. Upon information and belief, Defendant Deep Wood is a Michigan limited liability company with its principal place of business located at 1716 Deepwood Circle Rochester Hills, MI 48307.

3. Upon information and belief, Defendant ManCan LLC is a Michigan limited liability company with its principal place of business at 9200 E. Mineral Ave., Ste. 185, Centennial, Colorado.

4. Upon information and belief, Defendant ManCan Inc. is a Colorado corporation with its principal place of business located at 9200 E. Mineral Ave., Ste. 185, Centennial, Colorado.

## JURISDICTION AND VENUE

5. Jurisdiction is proper pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 and 2202. Because certain claims arise under the Patent Code, 35 U.S.C. § 1 *et seq.*, this Court also has jurisdiction pursuant to 28 U.S.C. § 1331 and 1338(a). This Court also has jurisdiction pursuant to 28 U.S.C. § 1367 and 28 U.S.C. § 1332.

6. This Court has personal jurisdiction over the Defendants because the Defendants regularly conduct business in the district and have committed acts in this judicial district which give rise to this action. On information and belief, the Defendants sell, offer for sale, and have sold products to residents of this jurisdiction. As explained in more detail below, Defendants

have purposefully directed actions aimed at harming the Plaintiff in an attempt to deprive Plaintiff of its interstate activities.

7. Venue in this district is proper pursuant to 28 U.S.C. § 1391.

## GENERAL ALLEGATIONS

8. Beer Barrel sells products from its American Fork, Utah location. The Beer Barrel's primary products are a 128 oz. growler and a 64 oz. growler ("Beer Barrel's Products"). Beer Barrel's Products are sold for the purpose of storing and serving beer.

9. Beer Barrel's Products are manufactured by Sino Dragon, a Chinese manufacturer located in Tianjin, China.

10. Defendants are a competitor of the Beer Barrel and sell similar products.

11. Defendants originally sold their products under the product name Deep Wood Brew Products, but more recently have rebranded and are now selling their products under the ManCan brand name.

12. The Defendants' ManCan products are manufactured by Sino Dragon, the same Chinese manufacturer that makes the Beer Barrel's Products.

13. Upon information and belief, Sino Dragon supplied the Defendants with the design of their products. Indeed, Sino Dragon has patented its design in China, under Chinese Patent Application Number 2013305314567.

14. On or about January 21, 2016, Chris Mueller, the CEO for Deep Wood and ManCan LLC sent the Beer Barrel a form letter on behalf of Deep Wood and ManCan LLC, wherein Mr. Mueller claimed to have common law copyrights, design patents and pending utility patent applications for his products. However, the only actual patent Mr. Mueller mentions is

Design Patent D735,436 ("Design Patent D735,436").  Mr. Mueller concludes his letter requesting that the Beer Barrel cease selling its products.  [Mr. Mueller's Letter is attached hereto as Exhibit 1].

15. On that same day, Mr. Mueller also forwarded a letter from BrooksGroup—Deep Wood's attorneys.  Upon information and belief, this letter was originally drafted for another competitor, as it is dated July 24, 2015 and is addressed to "To Whom It May Concern." [("Brooks Group Letter") attached as Exhibit 2]. In the Brooks Group Letter, references are made to Deep Wood's attorneys who have "extensive experience in both prosecution and litigation of intellectual property matters." [*Id.*].

16. Upon information and belief Defendants have attempted to eliminate their competition by utilizing the form cease and desist letters to intimidate competitors and force them to either cease transacting business—i.e. stop competing—or pay Defendants a royalty fee.

17. On or about February 1, 2016, the Beer Barrel's attorney sent Mr. Mueller a response indicating that the Beer Barrel had not infringed upon any of Defendants' alleged patents and did not intend to.

18. Two week later, Mr. Kenneth F. Brooks, from the Brooks Group responded on behalf of ManCan—Mr. Brooks did not specify ManCan LLC or ManCan Inc.  ["Brooks Group Response Letter" attached as Exhibit 3]. Again in that letter the only patent mentioned is Design Patent D735,436.  The letter also identifies Design Patent Application 29/471,710 as a "recently Allowed U.S. Design Patent."

19. On March 29, 2016, nearly 6 weeks *after* Deep Wood's attorneys claimed that the application was allowed, the U.S. Patent and Trademark Office granted a patent for Design Patent Application 29/471,710 under the Patent Number D752,839.

20. The only patents the Defendants allege or have alleged the Beer Barrel infringes upon are Design Patent Nos. D752,839 and D735,436 (collectively "Defendants' Patents").

21. After asserting that Beer Barrel infringes Defendants Patents, the Response Letter demands that the Beer Barrel "cease all sales of the mini-keg growler in question," enter into a "Licensing Agreement" with the ManCan, or face "statutory damages per occurrence of patent infringement," including a possible damages "enhance[ment] by as much as three times."

22. A licensing arrangement was never reached, and the ManCan did not contact the Beer Barrel for three months. Then, on or about May 14, 2016, the Defendants contacted Amazon.com—the primary vendor for the Beer Barrel's products—and alleged to Amazon.com that the Beer Barrel was infringing on Defendants' patents. In accordance with Amazon's policy, the allegation was not investigated, but instead Amazon immediately ceased selling the Beer Barrel's products, pending a resolution between the Beer Barrel and the Defendants.

23. As a result of the Defendants' representations to Amazon.com, Amazon.com has ceased selling the Beer Barrel's products and the Beer Barrel's sales have slowed to a near halt causing significant damage to the Beer Barrel.

## FIRST CAUSE OF ACTION
(Declaratory Judgment of Non-infringement and Invalidity)

24. The Beer Barrel incorporates by reference all preceding allegations of this Complaint as though fully set forth herein.

25. The Beer Barrel's Products do not and have not infringed on any valid and enforceable claim of Defendants' Patents, directly or indirectly, by inducement or contributory infringement, literally or under the doctrine of equivalents.

26. One or more claims of Defendants Patents are invalid for failure to comply with one or more requirements for patentability under the patent laws of the United States, including, but not limited to, 35 U.S.C. § 101, 102, 103, 112, 113, 115 and/or 116.

27. As a result of the Defendants' allegations of infringement against the Beer Barrel, threats of litigation, and representations to Amazon.com that the Beer Barrel's products infringe Defendants' Patents, an actual controversy exists as to infringement of Defendants' Patents.

28. The Beer Barrel is entitled to a declaratory judgment that the Beer Barrel is not directly, indirectly, contributorily infringe the Defendants' Patents; that the Beer Barrel has not actively induced others to infringe any claim of the Defendants' Patents; and that one or more claims of Defendants Patents are invalid for failure to comply with one or more requirements for patentability under that patent laws of the United States.

29. Defendants' conduct in this action is exceptional, and Defendants are entitled to their attorneys' fees and costs pursuant to 35 U.S.C. § 285 and 28 U.S.C. § 1927.

## SECOND CAUSE OF ACTION
**(Tortious Interference with Current and Prospective Economic Relations)**

30. The Beer Barrel incorporates by reference all preceding allegations of this Complaint as though fully set forth herein.

31. In an effort to interfere with the Beer Barrel's economic relations, the Defendants contacted Amazon.com to allege that the Beer Barrel was infringing on Defendants' Patents.

32. Upon information and belief, Defendants knew and intended that by making such an allegation, Amazon.com would immediately remove the Beer Barrel's listing from its website and prohibit the Beer Barrel from selling its products until the allegation of infringement was resolved.

33. The Defendants' allegation of patent infringement by the Beer Barrel to Amazon.com was knowingly false, was an improper means, and was done with the intent to interfere with the Beer Barrel's current and prospective economic relations.

34. As a direct and proximate result of the Defendants' actions, the Beer Barrel has been damaged in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, The Beer Barrel prays for judgment and relief against the Defendants as follows:

A. For the Court to find and enter a declaratory judgment that the Beer Barrel has not infringed in any way any of Defendants' Patents;

B. For the Court to find and enter a declaratory judgment that the Defendants' Patents are invalid and unenforceable;

C. For the Court to find and enter and order that Defendants' conduct amounts to an exceptional case and award the Beer Barrel its costs and attorney's fees under 35 U.S.C. § 285 and 28 U.S.C. § 1927;

D. For actual, consequential, and punitive damages caused by the Defendants' intentional and tortious interference with the Beer Barrel's economic relations

E. For any other such relief as the Court deems just and equitable.

DATED this 25th day of May, 2016

                                      HATCH, JAMES, & DODGE P.C.

                                      */s/ Justin L. James*
                                      Phillip J. Russell
                                      Justin L. James
                                      *Attorneys for Plaintiff Beer Barrel*