IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| THE BEER BARREL, LLC, a Utah limited liability company,<br><br>               Plaintiff,<br>v.<br><br>DEEP WOOD BREW PRODUCTS, LLC, a Michigan limited liability company; MANCAN UNIVERSE, LLC, a Michigan limited liability company; MANCAN UNIVERSE, INC., a Colorado corporation,<br><br>               Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' SECOND MOTION TO DISMISS**<br><br>Case No. 2:16-cv-00440-DN-BCW<br><br>District Judge David Nuffer<br>Magistrate Judge Brooke C. Wells |

      Defendants Deep Wood Brew Products, LLC, ManCan Universe, LLC, and ManCan Universe, Inc. (collectively "ManCan" or "Defendants"), move to dismiss with prejudice the Amended Complaint[1] filed by The Beer Barrel, LLC ("Beer Barrel") ("Motion").[2] Beer Barrel opposes the Motion ("Opposition").[3] No reply was filed by Defendants.[4] For the reasons set forth below, the Motion is GRANTED IN PART and DENIED IN PART.

---

[1] Amended Complaint, docket no. 16, filed July 21, 2016.

[2] Second Motion to Dismiss in Response to Plaintiff's Amended Complaint ("Motion"), docket no. 24, filed Aug. 2, 2016.

[3] Opposition to Defendants' Second Motion to Dismiss ("Opposition"), docket no. 29, filed Aug. 26, 2016.

[4] Request to Submit for Decision ¶¶ 4-7, docket no. 33, filed Sep. 15, 2016.

## BACKGROUND[5]

Beer Barrel makes and sells beer products.[6] Its primary products are beer growlers and nozzle attachments.[7] The growlers are sold in 64 oz. and 128 oz. sizes.[8] Beer Barrel's products are manufactured in China by a company called Sino Dragon.[9] Defendants are competitors of Beer Barrel and sell similar products.[10] Defendants originally sold their products under the product name "Deep Wood Brew Products," but now sell their products under the name "ManCan."[11]

On January 21, 2015, before commencement of this lawsuit, ManCan sent a letter to Beer Barrel stating that ManCan held a "common law copyright in the works of art of a mini-growler," two utility patent applications, and two design patent applications, one of which was granted and assigned U.S. Patent No. D735,436 (the "'436 Patent").[12] ManCan's letter to Beer Barrel suggested that Beer Barrel was infringing ManCan's intellectual property rights and requested that Beer Barrel cease selling its products.[13] Beer Barrel did not immediately respond to this letter.

---

[5] The allegations provided in this Background section derive from the Amended Complaint, the parties' briefing on the Motion, and the exhibits attached to the original Complaint and Motion. For purposes of this memorandum decision and order, the plaintiff's allegations are assumed to be true. *See Cory v. Allstate Ins.*, 583 F.3d 1240, 1244 (10th Cir. 2009) (instructing that when considering a motion to dismiss for failure to state a claim, the thrust of all well-pleaded facts in the complaint is presumed, but conclusory allegations need not be accepted).

[6] Amended Complaint ¶ 8.

[7] *Id.*

[8] *Id.*

[9] *Id.* ¶ 9.

[10] *Id.* ¶ 10.

[11] *Id.* ¶ 11.

[12] *Id.* ¶ 12; Letter from Chris Mueller, CEO of ManCan, to Zach Frantz, Beer Barrel (Jan. 21, 2015), Ex. 1 to Complaint, docket no. 2-2, filed May 25, 2016.

[13] Amended Complaint ¶ 12; Letter from Chris Mueller, CEO of ManCan, to Zach Frantz, Beer Barrel (Jan. 21, 2015), Ex. 1 to Complaint, docket no. 2-2, filed May 25, 2016.

On July 24, 2015 ManCan's counsel sent a follow-up letter to Beer Barrel notifying Beer Barrel of ManCan's intellectual property rights. It stated that ManCan held the following applications, in addition to the '436 Patent:

- 14/075,563 "Mini-Keg Growler"
- 14/705,204 "Portable Kegerator Cooler"
- 14/465,965 "Mini-Keg Growler Cap, Components, Accessories, and Designs for the Same"
- 29/471,710 "Mini-Keg Growler Neck and Cap"

ManCan's counsel stated that ManCan also had a "pending U.S. Trademark SN 86-555,740 'MANCAN' and pending copyright Application for 'Mini-Keg Growler.'"[14]

Beer Barrel responded to ManCan's correspondence on February 1, 2016 by stating that ManCan held only one approved patent "for your ManCan 64, a product that [Beer Barrel] does not sell[;]" and ManCan could not claim patent infringement for patent applications.[15]

ManCan replied to Beer Barrel's letter on February 12, 2016 by stating that Beer Barrel infringed ManCan's '436 Patent and infringed ManCan's "recently Issued U.S. Design Patent Application number 29/471710" (which was granted approximately six weeks later on March 29, 2016 and assigned U.S. Patent No. D752,839 ("'839 Patent"));[16] and Beer Barrel was correct that there could be no infringement on a pending patent application.[17] ManCan's February 12 letter stated that Beer Barrel could either cease selling the mini-keg growler in question or enter into a

---

[14] Letter from BrooksGroup, attorneys for ManCan, to Beer Barrel (July 24, 2015), Ex. 2 to Complaint, docket no. 2-3, filed May 25, 2016.

[15] Amended Complaint ¶ 15; Letter from Justin James, attorney for Beer Barrel, to Chris Mueller, CEO of ManCan (Feb. 1, 2016), Ex. H to Motion, docket no. 24-8, filed Aug. 2, 2016.

[16] Amended Complaint ¶ 20.

[17] *Id.* ¶ 17; Letter from BrooksGroup, attorneys for ManCan, to Justin James, attorney for Beer Barrel (Feb. 12, 2016), Ex. I to Motion, docket no. 24-9, filed Aug. 2, 2016.

licensing agreement with ManCan.[18] ManCan stated that if no licensing agreement was reached, Beer Barrel would face statutory damages for infringement.[19]

Beer Barrel did not cease selling the beer growler in question and did not enter into a licensing agreement with ManCan.[20]

In May 2016, ManCan contacted Amazon.com ("Amazon"), the primary vendor for Beer Barrel's products, and told Amazon that Beer Barrel's products infringed ManCan's patents.[21] Pursuant to Amazon policy, Amazon immediately ceased selling Beer Barrel's products without further investigation, pending a resolution between Beer Barrel and ManCan.[22] After Amazon stopped selling Beer Barrel's products, Beer Barrel's sales slowed significantly.[23]

Shortly after ManCan contacted Amazon, Beer Barrel filed this lawsuit seeking a declaratory judgment of non-infringement of ManCan's '436 and '839 Patents. Beer Barrel originally sought relief for tortious interference with economic relations as well, but that claim was later dropped.[24] ManCan now moves to dismiss Beer Barrel's Amended Complaint on the grounds that it does not state a claim for which relief may be granted.

## STANDARD

Under Rule 12(b)(6), a complaint that does not "state a claim upon which relief can be granted" will be dismissed.[25] Whether a complaint states a claim for relief is determined under Rule 8(a), which requires a "short and plaint statement of the claim showing that the pleader is

---

[18] Letter from BrooksGroup, attorneys for ManCan, to Justin James, attorney for Beer Barrel (Feb. 12, 2016), Ex. I to Motion, docket no. 24-9, filed Aug. 2, 2016.

[19] Amended Complaint ¶ 18.

[20] *Id.* ¶ 19.

[21] *Id.* ¶ 21.

[22] *Id.*

[23] *Id.* ¶ 22.

[24] *See generally* Amended Complaint.

[25] Fed. R. Civ. P. 12(b)(6).

entitled to relief."[26] "In patent cases, courts previously looked to Federal Rule of Civil Procedure 84, which in turn referred to . . . Form 18 . . . ."[27] Form 18 provided an "example complaint for patent infringement that merely included an allegation that the defendant infringed the asserted patent" without specific factual allegations.[28] As of December 1, 2015, Rule 84 and Form 18 were abrogated and are no longer in effect.[29]

"The abrogation of Rule 84 means that the Rule 8 pleading standards as construed by the Supreme Court in . . . *Iqbal* . . . and . . . *Twombly* . . . govern in patent cases."[30] This means that a claim for patent infringement must contain "more than an unadorned, the defendant-unlawfully-harmed-me accusation."[31] "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"[32] Instead, "[t]he allegations must be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief."[33] "This requirement of plausibility serves not only to weed out claims that do not (in the absence of additional allegations) have a reasonable prospect of success, but also to inform the defendants of the actual grounds of the claim against them."[34]

"[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action,

---

[26] Fed. R. Civ. P. 8(a).

[27] *Footbalance Systems, Inc. v. Zero Gravity Inside, Inc.*, Case No. 15-cv-1058-JHS (DHB), 2016 WL 5786936, at *2 (S.D. Cal. Oct. 4, 2016) (unpublished).

[28] *Id.*

[29] *Id.*

[30] *Id.*

[31] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[32] *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

[33] *Robbins v. Oklahoma*, 519 F.3d 1242, 1247-48 (10th Cir. 2008).

[34] *Id.* at 1248.

supported by mere conclusory statements, do not suffice."[35] "[N]aked assertions devoid of

further factual enhancement,"[36] do not state a claim sufficiently to survive a motion to dismiss.

"[T]he mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in

support of the pleaded claims is insufficient; the complaint must give the court reason to believe

that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims."[37]

"In evaluating a Rule 12(b)(6) motion to dismiss, courts may consider not only the

complaint itself, but also attached exhibits, and documents incorporated into the complaint by

reference."[38]

## DISCUSSION

Beer Barrel has brought a single cause of action against ManCan for "declaratory

judgment of non-infringement and invalidity."[39] The single cause of action alleges as follows:

24. The Beer Barrel's Products do not and have not infringed on any valid and enforceable claim of Defendants' Patents, directly or indirectly, by inducement or contributory infringement, literally or under the doctrine of equivalents.

25. One or more claims of Defendants Patents are invalid for failure to comply with one or more requirements for patentability under the patent laws of the United States, including, but not limited to, 35 U.S.C. § 102 and 103.

26. Upon information and belief, the design shown in Defendants' Patents were described and shown in printed publications and/or was otherwise available to the public before November 4, 2012—one year before the effective filing date--by several foreign manufacturers, including Sino Dragon.

27. Defendants' patents are obvious to a designer of ordinary skill who designs articles of the type involved by combining the teachings of prior art to create the same overall visual appearance as the Defendants' claimed design. Such prior art

---

[35] *Id.*

[36] *Id.*

[37] *The Ridge at Red Hawk, LLC v. Schneider,* 493 F.3d 1174, 1177 (10th Cir. 2007).

[38] *Smith v. United States,* 561 F.3d 1090, 1098 (10th Cir. 2009) (citations omitted). *See also Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007) (citing 5B WRIGHT & MILLER § 1357 (3d ed. 2004 & Supp. 2007)).

[39] Amended Complaint at 5.

includes, but is not limited to the following patents D486,347; US 5,792,391; D497,283; US365513A, US20130032564 A1, US4032047, US4690299, US5129534, US5165569, US5203181, US20130264350, USD205750, USD228976, USD244850, USD305601, USD306639, USD336714, USD362990, USD374959, USD497283, USD558950, USD574574, USD623464, USD623887, USD721281, EP2512974 B1, US4005813 A, US8646660, and EP1026089 A2.

28. In addition, Defendants' '839 Patent is invalid as a design patent because its design is primarily functional rather than ornamental.

29. As a result of the Defendants' allegations that all of Beer Barrel's Products infringe on Defendants' patents, threats of litigation, and representations to Amazon.com that the Beer Barrel's 128 oz. Products infringe Defendants' Patents, an actual controversy exists as to infringement on Defendants' Patents and their validity.

30. The Beer Barrel is entitled to a declaratory judgment that the Beer Barrel is not directly, indirectly, contributorily infringe [sic] the Defendants' Patents; that the Beer Barrel has not actively induced others to infringe any claim of the Defendants' Patents; and that one or more claims of Defendants Patents are invalid for failure to comply with one or more requirements for patentability under that patent laws of the United States.[40]

ManCan believes these allegations fail to state a claim with sufficient factual specificity under *Twombly* and *Iqbal*, and moves to dismiss Beer Barrel's claims with prejudice.[41] Beer Barrel disagrees, arguing that "the Amended Complaint meets the requirements of Rule 8 . . . and the standards set by *Iqbal* and *Twombly* in interpreting Rule 8."[42] Beer Barrel argues that "the plausibility standard was 'not akin to a probability requirement, but it asks for more than a sheer possibility' of plaintiff's claims."[43]

### Beer Barrel Has Not Sufficiently Pled Non-Infringement

Beer Barrel's claim of non-infringement consists of the following allegations:

- ManCan is a competitor of Beer Barrel and sells similar products.[44]

---

[40] *Id.* ¶¶ 24-30.

[41] Motion at 9, 11, and 14.

[42] Opposition at 2.

[43] *Id.* (quoting *Iqbal*, 556 U.S. at 678).

[44] Amended Complaint ¶ 10.

- ManCan sent Beer Barrel correspondence accusing Beer Barrel of infringement, but Beer Barrel denied that it infringed ManCan's patents.[45]
- "Beer Barrel's Products do not and have not infringed on any valid and enforceable claim of Defendants' Patents, directly or indirectly, by inducement or contributory infringement, literally or under the doctrine of equivalents."[46]

This is the full extent of Beer Barrel's allegations of non-infringement. No specific factual allegations are provided.

Beer Barrel argues that it is not required to provide factual specificity, and that as the "declaratory judgment plaintiff," it "must only allege sufficient facts to establish jurisdiction under the Federal Declaratory Judgment Act."[47] The case Beer Barrel cites in support of this argument is *Arris Group, Inc. v. British Telecommunications, PLC*.[48] But this case does not support the proposition for which Beer Barrel has cited it. First, *Arris* was decided before the abrogation of Rule 84 and Form 18 in December 2015. After that date, heightened pleading standards apply to patent cases—even to a party seeking a declaratory judgment of non-infringement.[49] Second, *Arris* discusses the question of standing; not the question of sufficiency of pleading under Rule 8. Thus, *Arris* does not support the proposition that Beer Barrel is excused from the pleading requirements of *Iqbal* and *Twombly*.

Beer Barrel also argues that it is not required to provide factual specificity for its non-infringement claims because it is the patentee's burden to prove infringement.[50] Beer Barrel cites

---

[45] *Id.* ¶ 15.

[46] *Id.* ¶ 24.

[47] Opposition at 3.

[48] *Id.* at 3 (citing *Arris Group, Inc. v. British Telecommunications, PLC*, 639 F.3d 1368, 1380 (Fed. Cir. 2011)).

[49] *See RAH Color Tech., LLC v. Ricoh USA, Inc.*, Case No. 2:15-cv-05203-JCJ, 2016 WL 3632720, at *5 (E.D. Penn. July 7, 2016) (unpublished) (citing cases).

[50] Opposition at 3.

*Medtronic, Inc. v. Mirowski Family Ventures, LLC* in support of this proposition.[51] Beer Barrel is correct that *Medtronic* states the burden of proving infringement remains with the patentee. But *Medtronic*, like *Arris*, was decided before December 2015 when Rule 84 and Form 18 were abrogated. A complaint filed in a patent case must comply with the pleading requirements of *Iqbal* and *Twombly*. Beer Barrel cites no authority that excuses it from making specific factual allegations establishing a plausible claim of non-infringement, and thorough research into this issue has not revealed any authority that would relieve Beer Barrel of this obligation.[52] As the plaintiff asserting claims of non-infringement, Beer Barrel has an obligation to support those claims under current pleading standards. Those standards require specific factual allegations.

The only factual allegations Beer Barrel identifies in its Amended Complaint are the description of "two 'primary products'; 'a 128 oz. growler and a 64 oz. growler,'" and a statement that those products "do not and have not infringed on any valid and enforceable claim of ManCan's Patents."[53] But this is a conclusory allegation. The statement that "our products do not infringe our competitor's products" does not identify any facts upon which non-infringement may be based. It is simply a conclusion. And although Beer Barrel identifies the "ordinary observer test" as the proper test for determining whether a design patent is infringed, Beer Barrel does not (and cannot) point to any allegations contained in the Amended Complaint that show how the ordinary observer test would apply to this case. Thus, Beer Barrel's claim for non-infringment lacks the plausibility and particularized facts required under *Iqbal* and *Twombly* to sufficiently state a claim for relief. Thus, the Motion is GRANTED with respect to the non-

---

[51] *Medtronic, Inc. v. Mirowski Family Ventures, LLC*, 134 S.Ct. 843, 849 (2014).

[52] *RAH Color Tech.*, 2016 WL 3632720, at *5 (dismissing noninfringement counterclaim because it failed to plausibly allege noninfringement); *Tannerite Sports, LLC v. Jerent Enters., LLC*, Case No. 6:15-cv-00180-AA, 2016 WL 1737740, at *5 (D.Or. May 2, 2016) (unpublished) (same).

[53] Opposition at 5 (quoting Amended Complaint ¶ 24).

infringement claim. The claim is not dismissed with prejudice, however. Instead, Beer Barrel is granted LEAVE TO AMEND the non-infringement claim pursuant to Rule 15(a).[54] Any amended claim for non-infringement must include more than "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action . . . .'"[55] Instead, "[t]he allegations must be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief."[56] Any amended complaint should include specific factual allegations about how Beer Barrel's products do not infringe ManCan's patents rather than a single conclusory statement that "Beer Barrel's Products do not and have not infringed on any valid and enforceable claim of Defendants' Patents . . . ."[57]

### Beer Barrel Has Sufficiently Pled Invalidity

The pleading standards of *Iqbal* and *Twombly* apply to invalidity claims.[58] Thus, Beer Barrel must plausibly allege a claim of invalidity in order to survive ManCan's Motion.

Unlike Beer Barrel's claim for non-infringement, Beer Barrel's claim for invalidity consists of factual allegations. For example, Beer Barrel alleges that "the design shown in Defendants' Patents were [sic] described and shown in printed publications and/or was otherwise available to the public before November 4, 2012 . . . ."[59] If this factual allegation is true—and its truth must be assumed for purposes of a motion to dismiss—ManCan's patents would be invalid.

---

[54] *See RAH Color Tech.*, 2016 WL 3632720, at *6.

[55] *Iqbal*, 556 U.S. at 678 (quoting *Twombly* , 550 U.S. at 555).

[56] *Robbins*, 519 F.3d at 1247-48.

[57] Amended Complaint ¶ 24.

[58] *Neonatal Prod. Grp., Inc. v. Shields*, Case No. 13-cv-2601-DDC-KGS, 2014 WL 6685477, *11 (D.Kan. Nov. 26, 2014) (unpublished) ("Our court has previously held Form 18 does not apply to invalidity declarations, so a Court must scrutinize such claims under *Iqbal* and *Twombly*."); *RAH Color Tech.*, 2016 WL 3632720, at *4 ("[T]he abrogation of Rule 84 and Form 18 eliminated any reason to deviate from *Twombly/Iqbal* in pleading patent claims. We will follow the federal district courts in our circuit that have applied *Twombly/Iqbal*'s pleading standard to counterclaims of invalidity.").

[59] Amended Complaint ¶ 26.

A patent is invalid if it was "patented, described in a printed publication, or in public use, on sale, or otherwise available to the public"[60] more than one year before the effective filing date of the patent.[61] Here, both the '436 and the '839 Patents were filed on November 4, 2013. If the information in those patents was previously patented or was published before November 4, 2012, one year before the filing date of the '436 and '839 Patents, they are invalid.

Beer Barrel also alleges that patents D486,347; US 5,792,391; D497,283; US365513A, US20130032564 A1, US4032047, US4690299, US5129534, US5165569, US5203181, US20130264350, USD205750, USD228976, USD244850, USD305601, USD306639, USD336714, USD362990, USD374959, USD497283, USD558950, USD574574, USD623464, USD623887, USD721281, EP2512974 B1, US4005813 A, US8646660, and EP1026089 A2 constitute prior art which invalidate ManCan's patents.[62] If this is true—and its truth must be assumed for purposes of a motion to dismiss—ManCan's patents would be invalid. A patent is invalid if its claims were previously covered by prior art.[63] Here, Beer Barrel lists specific prior art that could potentially invalidate ManCan's patents.

Thus, Beer Barrel has made specific factual allegations of invalidity. And, while the Amended Complaint includes some conclusory statements that ManCan's patents are invalid because they do not meet the requirements of patentability,[64] it also includes enough factual allegations to plausibly state a claim for invalidity. Unlike other cases that have dismissed invalidity claims for failure to satisfy *Iqbal* and *Twombly* pleading standards, here the Amended Complaint does not simply include a "laundry list of United States Code sections" on which the

---

[60] 35 U.S.C. § 102(a)(1).

[61] *Id.* § 102(b)(1).

[62] Amended Complaint ¶ 27 (listing patents).

[63] 35 U.S.C. §§ 102, 103.

[64] *See* Amended Complaint ¶¶ 25, 28.

invalidity claim is based.[65] Thus, Beer Barrel has sufficiently pled its claim for invalidity and the Motion is DENIED with respect to invalidity.

## CONCLUSION AND ORDER

Beer Barrel has not sufficiently pled a claim for non-infringement, but has sufficiently pled a claim for invalidity. Accordingly,

IT IS HEREBY ORDERED that the Motion[66] is GRANTED IN PART AND DENIED IN PART. Beer Barrel's allegations of non-infringement are dismissed, and Beer Barrel is granted LEAVE TO AMEND those non-infringement allegations under Rule 15(a). Any amended complaint must be filed no later than October 31, 2016. Beer Barrel's allegations of invalidity are not required to be amended.

Dated October 12, 2016.

BY THE COURT:

David Nuffer
United States District Judge

---

[65] *Info. Planning and Mgmt. Serv., Inc. v. Dollar Gen. Corp.*, Case No. 2:15cv206, 2016 WL 69902, at *3 (E.D. Va. Jan. 5, 2016) (unpublished).

[66] Second Motion to Dismiss in Response to Plaintiff's Amended Complaint, docket no. 24, filed Aug. 2, 2016.